UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KAREN MARIELA AGUAYO MONTES, ) | Case No.: 1:26 CV 919 |
| ) | |
| Petitioner ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| SCOTT A. HILDENBRAND,[1] *et al.*, ) | |
| ) | |
| Respondents ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner Lorena Karen

Mariela Aguayo Montes's ("Petitioner" or "Aguayo Montes") Petition for Writ of Habeas Corpus,

(ECF No. 1), filed pursuant to 28 U.S.C. § 2241. Under Local Rule 72.2, the case was referred to

Magistrate Judge Jennifer Dowdell Armstrong, (ECF No. 2), for preparation of an expedited Report

and Recommendation ("R&R"). (ECF No. 8.) For the reasons below, the court grants the Petition.

**I. BACKGROUND**

Aguyao Montes is a Mexican citizen who states she has lived in the United States since she

---

[1]

Also pending in the case is Sheriff Scott A. Hildenbrand's Motion to Dismiss Party,
(ECF No. 5), in which he asks to be removed as a party. As the R&R states: "several
courts in this district have held that the District Director is the proper respondent and
that other respondents should be dismissed." (R. & R. at PageID 69–70.) As Sheriff
of Geauga County, Hildenbrand is not a proper Respondent. The court need not delve
into his Motion beyond that, as this Order resolves the Petitioner's case in its entirety.

was ten years old, and has her "life, family ties, and community" here. (ECF No. 1, Pet. at PageID 10.) She alleges "the United States is the only real home [she] know[s]." (*Id.*) Yet, on September 3, 2025, she was detained by Immigration and Customs Enforcement ("ICE"). (*Id.* at PageID 4; ECF No. 8, R. & R. at PageID 67.) The Department of Homeland Security ("DHS") issued her a Notice to Appear ("NTA"), placing her in removal proceedings pursuant to Immigration and Nationality Act ("INA") §§ 212(a)(6)(A)(I) and (a)(7)(A)(i)(I). (ECF No. 6 Ex. 1 at PageID 43–46.) Aguyao Montes was originally taken into ICE custody upon being charged with domestic violence, but the state dismissed the charges, and Respondents do not argue they are relevant to her detention. (R. & R. at PageID 21 n.5.) She remains in custody at Geauga County Jail pending removal proceedings, and was denied a bond hearing. (*Id.* at PageID 65; Pet. at PageID 1.)

On April 17, 2026, Aguyao Montes filed the instant § 2241 Petition, asserting: "[b]ecause ICE has refused to meaningfully consider release, because the criminal allegation relied upon by the government has been dismissed, and because Petitioner's detention has now become prolonged . . . . this Court should order her immediate release or, at a minimum, order an individualized bond hearing . . . ." (Pet. at PageID 10.) In the Petition, she raises two Grounds: (1) her "detention has become unconstitutionally prolonged" in violation of the Fifth Amendment, and (2) because she was "detained under 1226(a), not 1225(b), . . . [her] continued detention without a bond hearing violates the [INA] and the Fifth Amendment." (*Id.* at PageID 6.) The case was referred to the Magistrate, (ECF No. 2), for her expedited preparation of a Report and Recommendation.

On April 27, 2026, the Government filed its Response, (ECF No. 6), initially arguing the Petition should be dismissed because this court "lacks jurisdiction," Aguyao Montes failed to "exhaust her administrative remedies," and because, on the merits, "Petitioner is properly detained

under 8 U.S.C. § 1225(b)(2)(A) . . . [her] due process rights have not been violated." (*Id.* at PageID 29.) On April 29, 2026, Aguayo Montes filed her Traverse. (ECF No. 7.)

Shortly thereafter, on May 6, 2026, Judge Armstrong issued her Report and Recommendation, (ECF No. 8), recommending the court grant the Petition insofar as Aguyao Montes requested a bond hearing under 8 U.S.C. § 1226(a). The R&R notified the parties they had fourteen days to file any Objections. (R. & R. at PageID 86–87.) No Objections were filed.

Instead, on May 13, 2026, "in lieu of objections, the United States file[d] [a] Notice of Adverse Decision." (ECF No. 9 at PageID 88.) In it, the Government informed this court of the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026), contending it "controls the outcome of this matter," and necessitates that the court grant Aguayo Montes's Petition. (*Id.* at PageID 88–89.) The matter is ripe.

## II. LAW AND ANALYSIS

Recently, federal district courts have been receiving an increasing number of immigration-related claims for Habeas relief. Yet, immigration is an area of law in which district courts' jurisdiction is limited, thereby raising questions about the scope of the INA's proscriptions on judicial review. Until recently, one such question was the enforceability of § 1225(b)(2)(A)'s mandatory detention scheme as applied to noncitizen-petitioners who had been living freely in the United States for years. On May 11, 2026, that question was answered by the Sixth Circuit in *Lopez-Campos*. There, ruling against the Government, the Sixth Circuit affirmed multiple district courts' holdings that such individuals "were due individualized bond hearings in light of the significant time they have spent within the interior of the United States." *Lopez-Campos*, 2026 WL 128391, at *13. The Sixth Circuit explained that "1225(b)(2)(A)'s mandatory detention scheme does not apply to

[the petitioners]" who were noncitizens in the country, as they were "'applicants for admission' [but] not necessarily 'seeking admission'" falling under § 1225(b)(2)(A). *Id.* at *11. Instead, the Sixth Circuit concluded, as had the lower courts, that "[p]etitioners could have been detained pursuant to only § 1226," which "applies to aliens already present in the United States." *Id.* However, there is no mandatory detention in the relevant subsection 1226(a), so due process must be met before an individual is detained. *Id.*

This recent decision clarifies "1225(b)(2)(A)'s scope," insofar as its mandatory detention does not apply to noncitizens that do not qualify as "seeking admission" under § 1225(b)(2)(A). *Id.* at *13. In so holding, *Lopez-Campos* "ensures that noncitizens like [p]etitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond." *Id.*

Here, the same reasoning applies. And, as a result, Respondents no longer oppose Petitioner's requested relief. Although reserving appeal rights, the Notice of Adverse Decision concedes:

> [P]ursuant to *Lopez-Campos*, Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing under the Fifth Amendment. . . . Consistent with the relief affirmed in *Lopez-Campos*, the Court should order a bond hearing to be conducted by an immigration judge under 8 U.S.C. § 1226(a) within seven days of the issuance of the order, or immediately release Petitioner.

(Notice of Adverse Decision at PageID 89.)

In light of *Lopez-Campos* and Respondents' subsequent concession, there is no dispute that Aguayo Montes is entitled to § 2241 relief. To protect that "most fundamental [liberty] interest . . . shared by both citizens and noncitizens alike" to be free from detention, Aguayo Montes must be afforded "a forum to explain that [her] background[] and connections to [her] communities justify release on bond while [she] undergo[es] [her] removal proceedings." *Lopez-Campos*, 2026 WL

-4-

128391, at \*13. As the Sixth Circuit stated: "[t]o hold otherwise would subject long-term law-abiding residents . . . to the hardship of mandatory detention without due process." *Id.*

Finally, when an R&R receives no Objections, as here, the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes; *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at \*2 (W.D. Ky. June 15, 2018) (citing *Howard*, 932 F. 2d at 509). Having reviewed the R&R, the court finds no clear error as to the Magistrate Judge's findings that Aguayo Montes is detained under § 1226(a), and recommendation that the Petition be granted. Given there is no remaining challenge to the relief sought in the Petition, the court will adopt the R&R insofar as it accords with the analysis otherwise stated herein, based on *Lopez-Campos* and the fact that the parties are now in agreement.

### III. CONCLUSION

For the reasons above, the court grants the Petition for Writ of Habeas Corpus. (ECF No. 1.) In so doing, the court also hereby orders Respondents to hold an individualized bond hearing within seven (7) days of this Order or immediately release Petitioner.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 20, 2026